## THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Joshua Vazquez | : | **CIVIL ACTION** |
| Plaintiff | : | **No.** |
| v. | : | |
| | : | |
| Earl R. Russell; Covenant Transport Inc.; John | : | |
| Doe 1-5; John Doe Incorporated 1-5; (fictitious | : | |
| designations) | : | |
| Defendants | : | **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

Defendant, Covenant Transport Inc., by and through their attorneys, Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy, hereby file this Notice of Removal of the present case from the Superior Court of New Jersey Hudson County, in which it is now pending, to the United States District Court District of New Jersey, and respectfully aver as follows:

1.      Plaintiff commenced this action by filing a Complaint in the Superior Court of New Jersey, Hudson County, against Defendants, Covenant Transport, Inc. and Earl R. Russell on April 25, 2022.  A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

2.      Plaintiff's Complaint alleges that Defendant, Covenant Transport Inc., is a company with an address at 5741 S. Burlington Drive, Muncie, Indiana, 47302.  See Exhibit "A".

3.      Defendant, Covenant Transport, Inc.'s principal place of business and actual address is 400 Birmingham Highway, Chattanooga, TN 37419.

4.      Upon information and belief, and at all times pertinent hereto, Plaintiff is/was a citizen of the State of New Jersey.  See Exhibit "A."

5.      Upon information and belief, at all-times material hereto, Defendant, Covenant Transport Inc., is a corporation organized under the laws of Tennessee, with its principal place of business in Hamilton County, TN, and pursuant to 28 U.S.C §1332.

6.      Upon information and belief, at all-times material hereto, Defendant, Earl R. Russell is a resident of Ontario County, NY.

7.      This case arises out of a motor vehicle accident that occurred on May 28, 2020, at New Jersey Turnpike Southbound in Ridgefield, NJ.  See Exhibit "A."

8.      Plaintiff alleges that this his injuries were caused by the negligence of Defendants.  See Exhibit "A."

9.      Plaintiff is seeking damages in the amount of One Million Dollars ($1,000,000.00) as stated in the Statement of Damages Claimed Pursuant to R. 4:5-2. See Exhibit "A".

10.     Based upon a fair reading of the complaint, Plaintiff has set forth claims in an amount in excess of the jurisdictional limits of $75,000, exclusive of interest and costs.

11.     Diversity of citizenship within the meaning of 28 U.S.C. §1332 exists between Plaintiff and Defendants since they are citizens of different states.

12.     The diversity of citizenship which existed at the time that this action was commenced continues through the time of filing of this Notice, thus entitling Defendants to removal pursuant to 28 U.S.C §1441, as amended, and 28 U.S.C. §1446.

13.     All Defendants to this action are represented by the undersigned counsel, and expressly consent to this removal.

14.     In compliance with 28 U.S.C. §1446(a), Defendant, Covenant Transport Inc. has not been served with any other process, pleadings, and/or orders in this matter aside from Plaintiff's Complaint.

15.     In compliance with 28 U.S.C. §1446(a), Defendant, Earl R. Russell has not been served with Plaintiff's Complaint to date nor any other process, pleadings, and/or orders in this matter.

16.     A true and correct copy of this Notice of Removal is being filed with the Prothonotary in the Superior Court of New Jersey, Hudson County, as provided by 28 U.S.C. §1446(b).

**WHEREFORE**, Defendants request that the above captioned action, now pending in the Superior Court of New Jersey, Hudson County, be removed therefrom to this Honorable Court.


**ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.**

By: /s/ *Joseph R. Bonfig*
     JOSEPH R. BONFIG, ESQUIRE
     *Attorneys for Defendants,*
     *Earl R. Russell; Covenant Transport Inc.*

Date: 7/22/2022

## <u>CERTIFICATE OF SERVICE</u>

I, Joseph R. Bonfig, Esquire certify that on this date, a true and correct copy of the Notice of Removal of Plaintiff's Complaint was served by ECF to all counsel of record:

**ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.**

By: /s/ *Joseph R. Bonfig*
    JOSEPH R. BONFIG, ESQUIRE
    *Attorneys for Defendants,*

Date: 7/22/2022     *Earl R. Russell; Covenant Transport Inc.*

# Exhibit "A"

**Salim F. Sabbagh, Esq. (#114752014)**
**SABBAGH THAPAR, LLC**
642 Broad Street
Clifton, NJ 07013
(973) 852-3002
Attorneys for Plaintiffs,

| | |
|---|---|
| JOSHUA VAZQUEZ, | SUPERIOR COURT OF NEW JERSEY |
| | DIVISION: HUDSON COUNTY |
| *Plaintiff,* | |
| | DOCKET NO.: HUD-L- |
| vs. | |
| | Civil Action |
| EARL R. RUSSELL; COVENANT | |
| TRANSPORT INC.; JOHN DOE 1-5; | **COMPLAINT, CERT. PURSUANT TO R. 4:5-1;** |
| JOHN DOE INCORPORATED 1-5; | **DEMAND FOR JURY TRIAL; DESIGN. OF** |
| (fictitious designations), | **TRIAL COUNSEL; STATEMENT OF DAMAGES** |
| | **PURSUANT TO R. 4:5-2** |
| *Defendants.* | |

Plaintiff, Joshua Vazquez, by and through his counsel, Sabbagh Thapar LLC, for their

Complaint against the Defendants, state as follows:

## PARTIES

1.      At all times material hereto, Plaintiff, Joshua Vazquez, was a resident of the State

of New Jersey, residing at 6050 Boulevard East Road, Apartment 16-B, County of Hudson, West

New York, New Jersey 07093.

2.      At all times material hereto, Defendant, Earl R. Russell, was a resident of the

State of New York, residing at 6012 Loomis Road, Apartment 1, Farmington, New York 11425.

3.      At all times material hereto, Defendant, Covenant Transport Inc., was the employer

of Defendant, Earl R. Russell, and a company doing business in the state of New Jersey, with an

address at 5741 S. Burlington Drive, Muncie, Indiana 47302.

4.      At all times material hereto, Defendants, John Doe 1-5; were and/or are fictitiously named individuals, the identity, addresses and culpable conduct of said Defendants being presently unknown.  Said Defendants owned, operated, maintained and or controlled their vehicles in such a negligent manner as to injure the Plaintiffs.  The Plaintiffs reserve the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the Defendants represented herein as John Doe 1-5.

5.      At all times material hereto, Defendants, John Doe Incorporated 1-5; were and/or are fictitiously named partnerships, professional associations and/or professional corporations (hereinafter "partnerships") which exist under the laws of the State of New Jersey, the identity, addresses and culpable conduct of said defendants being presently unknown.  Said Defendants owned, operated, maintained and or controlled their vehicles in such a negligent manner as to injure the Plaintiffs.  The Plaintiffs reserve the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the defendants represented herein as John Doe Incorporated 1-5.

6.      All Defendants acted by and through their respective agents, servants, employees, officers, directors or others, actual and/or apparent, any and all of which were then and there acting within the course and scope of their employment, duties or agency, actual and/or apparent.

## FACTS COMMON TO ALL COUNTS

7.      Plaintiff herein incorporates paragraphs 1 through 7 as though the same were set forth herein at length.

8.      On or about May 28, 2020, Plaintiff was traveling on the New Jersey Turnpike in the southbound direction in Ridgefield, New Jersey.

9.      At the above time and place, Defendant, Earl R. Russell, was the operator of a vehicle that was also traveling on the New Jersey Turnpike in the southbound direction in Ridgefield, New Jersey.

10.     At the above time and place, Defendant, Covenant Transport, Inc., was the owner of a vehicle that was also traveling on the New Jersey Turnpike in the southbound direction in Ridgefield, New Jersey.

11.     At the above time and place, Defendant, Earl. R. Russell, was in the course of his employment for Defendant, Covenant Transport, Inc., when the collision occurred.

12.     At the aforementioned time and place, the defendants had a duty to maintain, control, and operate their motor vehicle in a safe and prudent manner so as to not create an unreasonable and foreseeable risk of injury to others.

## COUNT I- NEGLIGENCE

13.     Plaintiffs herein incorporate paragraphs 1 through 12 as though the same were set forth herein at length.

14.     At the above time and place, Defendants, so carelessly, negligently and recklessly operated, maintained, owned or repaired said vehicles so as to cause a collision with the vehicle Plaintiff was operating.

15.     At the above time and place Defendants, John Does 1-5 (fictitiously named) and John Doe Incorporated 1-5 (fictitiously named), their agents or assigns so carelessly, negligently and recklessly operated, maintained or repaired said vehicle so as to cause the within collision.

16.     As a result of the individual, joint and/or several tortuous conduct of the various Defendants as set forth above, Plaintiff, were caused to be violently twisted, jolted, strained and lurched about thereby sustaining serious injuries and damages.

17.     As a further result of this incident and by reason of the injuries sustained, Plaintiffs have in the past and will in the future be obliged to receive and undergo medical attention and care and to expend various sums of money and/or to incur various expenses for care and treatment of the injuries they suffered, all to his great detriment and loss.

18.     As a further result of this incident and by reason of the injuries sustained, Plaintiffs have sustained an impairment of their earning capacity and power, all to his great detriment and loss.

19.     As a further result of this incident and by reason of the injuries sustained, Plaintiff has in the past incurred and will in the future continue to incur other financial losses or expenses.

20.     As a further result of this accident and by reasons of the injuries sustained, Plaintiff has in the past suffered and will in the future continue to suffer great pain, suffering, agony, mental anguish, embarrassment and humiliation, all to his great detriment and loss.

21.     As a further result of this incident and by reasons of the injuries sustained, Plaintiff has in the past and will in the future be hindered from attending to his daily duties, functions and occupation, all to his great detriment and loss.

**WHEREFORE,**  Plaintiff, by and through his counsel, demand compensatory damages, as well as interests, costs, disbursements, attorneys fees, and other relief as this Honorable Court may deem just and proper.

SABBAGH THAPAR, LLC.

BY:   _____

                                        SALIM F. SABBAGH, ESQUIRE
                                        Attorney for Plaintiffs
Dated: April 25, 2022


## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

                                        SABBAGH THAPAR, LLC.


                        BY:    _____
                                        SALIM F. SABBAGH, ESQUIRE
                                        Attorney for Plaintiffs
Dated: April 25, 2022


## DESIGNATION OF TRIAL COUNSEL

Pursuant to *R*. 4:25-4, Salim F. Sabbagh, Esquire, is hereby designated as trial counsel on

behalf of plaintiff.

                                        SABBAGH THAPAR, LLC.


                        BY:    _____
                                        SALIM F. SABBAGH, ESQUIRE
                                        Attorney for Plaintiffs
Dated: April 25, 2022


## CERTIFICATION PURSUANT TO R. 4:5-1

I, Salim F. Sabbagh, Esquire, hereby certify that the facts contained in the within matter

5

are not subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge or belief.  Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action.  I also certify that the facts contained in the within matter are true and correct to the best of my knowledge and belief.  If any of the statements made by me are willfully false, I am subject to punishment.

SABBAGH THAPAR, LLC.

BY: _____
SALIM F. SABBAGH, ESQUIRE
Attorney for Plaintiffs

Dated: April 25, 2022

## STATEMENT OF DAMAGES CLAIMED PURSUANT TO R. 4:5-2

Plaintiffs request damages in the amount of $1,000,000.00 One Million Dollars with regard to the above-captioned case.

SABBAGH THAPAR, LLC.

BY: _____
SALIM F. SABBAGH, ESQUIRE
Attorney for Plaintiffs

Dated: April 25, 2022

# Civil Case Information Statement

**Case Details: HUDSON | Civil Part Docket# L-001347-22**

**Case Caption:** VAZQUEZ JOSHUA  VS RUSSELL EARL

**Case Initiation Date:** 04/25/2022

**Attorney Name:** SALIM F SABBAGH

**Firm Name:** SABBAGH THAPAR

**Address:** 642 BROAD ST

CLIFTON NJ 07013

**Phone:** 9738523002

**Name of Party:** PLAINTIFF : Vazquez, Joshua

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Joshua Vazquez?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/25/2022

Dated

/s/ SALIM F SABBAGH

Signed